Wu  v. Holder

BIA
Vomacka, IJ
A094 926 835

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 15th day of January, two thousand fifteen.

PRESENT:
        JON O. NEWMAN,
        DENNY CHIN,
        CHRISTOPHER F. DRONEY,
           *Circuit Judges.*

_____

ZHEN HUANG WU,
        *Petitioner,*

      v.                    13-3587
                               NAC

ERIC H. HOLDER, JR., UNITED STATES ATTORNEY GENERAL,
        *Respondent.*

_____

FOR PETITIONER:      Troy Nader Moslemi, New York, NY.

FOR RESPONDENT:      Stuart F. Delery, Assistant Attorney General; Papu Sandhu, Trial Attorney; Rachel E. Feuer, Law Clerk, Office of Immigration Litigation, United States Department of Justice, Washington, D.C.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Zhen Huang Wu, a native and citizen of the People's Republic of China, seeks review of a September 4, 2013, decision of the BIA affirming the January 31, 2012, decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").  *In re Zhen Huang Wu*, No. A094 926 835 (B.I.A. Sept. 4, 2013), *aff'g* No. A094 926 835 (Immig. Ct. N.Y. City Jan. 31, 2012).  We assume the parties' familiarity with the underlying facts and procedural history in this case.

Under the circumstances of this case, we review the IJ's decision as modified by the BIA.  *See Xue Hong Yang v. U.S. Dep't of Justice*, 426 F.3d 520, 522 (2d Cir. 2005). The applicable standards of review are well established. *See* 8 U.S.C. § 1252(b)(4)(B); *Yanqin Weng v. Holder*, 562 F.3d 510, 513 (2d Cir. 2009).

For asylum applications like Wu's, governed by the REAL ID Act of 2005, the agency may, "[c]onsidering the totality of the circumstances," base a credibility finding on the

2

plausibility of an asylum applicant's account, and inconsistencies in his statements, without regard to whether they go "to the heart of the applicant's claim," so long as they reasonably support an inference that the applicant is not credible. 8 U.S.C. § 1158(b)(1)(B)(iii); *see Xiu Xia Lin v. Mukasey,* 534 F.3d 162, 167 (2d Cir. 2008). We defer "to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin*, 534 F.3d at 167. A totality of the circumstances, including Wu's inconsistent evidence and the inherent implausibility of portions of his claim, support the agency's adverse credibility finding.

Wu testified that his mother never visited him and his wife while they were in hiding at his mother-in-law's house, but a letter from Wu's mother stated that she visited his in-laws while they were in hiding to help care for his wife while she was pregnant. When the IJ asked Wu about this discrepancy, Wu suggested that his mother's letter may have been mistranslated. The IJ allowed him to present a new translation, but warned Wu that he would need to explain the prior mistranslation. Wu submitted a "re-translation" of

3

his mother's letter that stated that it was Wu who had visited his wife while she was in hiding. He did not explain why the second translation was more accurate, or what accounted for the initial error. Given the lack of compelling explanation, the agency reasonably relied on the discrepancy between the first translation and Wu's testimony. *Majidi v. Gonzales*, 430 F.3d 77, 80-81 (2d Cir. 2005).

The agency also found inconsistencies relating to the wife's botched sterilization. In the statement accompanying his asylum application, Wu wrote that when he and his wife were leaving the hospital after she was sterilized, he overheard a doctor say that "they had only sterilized one fallopian tube because they could not found [sic] the other one." By contrast, Wu testified that he did not know why the doctors "only tied the tube for one of them," and upon his attorney's repeated questioning, stated that until the merits hearing he did not know why the doctor had tied only one tube. Later, Wu submitted an affidavit attesting that when he was asked why the doctor only "sterilize[d] one of [his] wife's two tubes" he thought he was being asked for a medical explanation, and because he was not a doctor, he

4

could only respond that he did not know.  The IJ reasonably found that it was not "plausible or convincing" that Wu thought he was being asked a medical question, as opposed to what he had overheard at the hospital.

The IJ also found other aspects of Wu's testimony implausible.  Substantial evidence supports a finding of implausibility if the "IJ's finding is tethered to record evidence" and "the reasons for his incredulity are evident." *Wensheng Yan v. Mukasey*, 509 F.3d 63, 67 (2d Cir. 2007).  Wu submitted a notice from the family planning office in his hometown, stating that he had to submit to sterilization because he violated the policy.  The notice is dated September 2011, three years after authorities allegedly visited Wu's home and he fled to the United States.  Wu testified that the local family planning policy was to send a notification "three years after the person escapes."  The reasons for the IJ's incredulity regarding this explanation are evident.

Wu argues that the agency erred in discounting the family planning notice, the letter from his mother, and a letter from his wife.  Because the letter from Wu's mother was inconsistent with his testimony, and the date on the family planning notice rendered it inherently implausible,

5

these documents do nothing to rehabilitate Wu's incredible testimony.  Further, the agency did not err in according limited weight to his wife's letter because it was unsworn and an interested witness submitted it.  *Y.C. v. Holder*, 741 F.3d 324, 334 (2d Cir. 2013).

While each inconsistency or implausibility alone might not support an adverse credibility finding, the agency reasonably concluded that the cumulative effect was consequential.  *Tu Lin v. Gonzales*, 446 F.3d 395, 402 (2d Cir. 2006); *see also Liang Chen v. U.S. Att'y Gen*., 454 F.3d 103, 106-07 (2d Cir. 2006).  Further, because the only evidence of a threat to Wu's life or freedom depended upon his credibility, the agency's finding that he was not credible necessarily precludes success on his claims for withholding of removal and CAT relief.  *Paul v. Gonzales*, 444 F.3d 148, 156-57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED.  As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot.  Any pending request for oral argument in this petition is DENIED in accordance with

Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34.1(b).

                              FOR THE COURT:
                              Catherine O'Hagan Wolfe, Clerk